# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JIMMY FOSTER JUSTUS, a/k/a JIMMY JUSTUS,<br>    *Plaintiff*,<br><br>v.<br><br>DAN G. JUSTUS, a/k/a DANNY JUSTUS, and ROSIE MARIE JUSTUS, a/k/a ROSEMARIE JUSTUS,<br><br>    *Defendants*, | Case No. CIV-19-272-RAW |

## ORDER

Before the court is Plaintiff's motion for partial summary judgment [Docket No. 27]. Plaintiff seeks summary judgment on the following two of his five claims: (1) revocation of deed for lack of consideration, and (2) unjust enrichment. Plaintiff included in his motion 23 statements of undisputed fact. In their 4-page response, Defendants state that they "dispute statements in Plaintiff's motion alleged to be undisputed." Defendants wholly ignore the court's local rules requiring a responding party to respond to each statement of fact "*by correspondingly numbered paragraph*" and to follow each with citation to evidentiary material. LCvR 56.1(c) and (d) (emphasis in original).

Nevertheless, the motion is not grantable. It is undisputed that Plaintiff signed a quit claim deed to his 740 acres of land in Choctaw County, Oklahoma and that Defendants did not pay him anything in return. Defendants argue it was a gift. Plaintiff argues that Defendants tricked him into signing the deed when he was under the influence of Hydrocodone and Lortab after surgery for colon cancer. He further argues that he never gave up control of the property.

In support of his argument that he was not competent to make a gift at the time he signed the quit claim deed, Plaintiff cites only to his own affidavit. Defendants do not provide any evidence that Plaintiff was competent. Even so, this is an issue for a jury. Both parties cite evidence with regard to control of the property. Again, this is an issue for a jury.

The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).

Plaintiff's motion for partial summary judgment [Docket No. 27] is hereby denied.

**IT IS SO ORDERED** this 2nd day of April, 2020.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**